UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

COLIN WASHINGTON,

                                      Plaintiff,

-against-

CITY OF NEW YORK; Police Detective Ericks Rodriguez, individually, and John and Jane Doe Officers 1-10, individually,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY AND ROGRIGUEZ**

15-CV-8922 (AJN)

**JURY TRIAL DEMANDED**

       Defendants City of New York, and Detective Ericks Rodriguez, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed and seek relief as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to lay venue as stated therein.

       5. State that the allegations set forth in paragraph "5" of the Complaint are a jury demand to which no response is required. However, to the extent a response is required, defendants deny the allegations set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residency set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter for a full and accurate recitation of the relationship between the City of New York and the New York City Police Department (hereinafter "NYPD").

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that, on or about October 22, 2013 defendant Rodriguez was a police officer employed by the NYPD. Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Complaint concerning the John Doe defendants.

10. State that the allegations set forth in paragraph "10" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations set forth therein, except deny knowledge and information sufficient to form a belief as to the truth of the allegations to the extent they concern the John Doe defendants.

11. State that the allegations set forth in paragraph "11" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations set forth therein, except deny knowledge and information sufficient to form a belief as to the truth of the allegations to the extent they concern the John Doe defendants.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that, on or about October 22, 2013, plaintiff was lawfully arrested.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff was lawfully transported to the precinct following his arrest.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that defendant Rodriguez was present at the precinct following plaintiff's arrest.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that, on or about October 22, 2013, plaintiff was correctly identified as the perpetrator of a robbery by the complaining victim.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that plaintiff was lawfully charged with Robbery in the Second Degree.

55. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of their contents.

64. Deny the allegations set forth in paragraph "64" of the Complaint, and respectfully refer the Court to the materials cited therein for a full and accurate recitation of their contents.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. In response to the allegations set forth in paragraph "81" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to the allegations set forth in paragraph "84" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. In response to the allegations set forth in paragraph "89" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. In response to the allegations set forth in paragraph "94" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

100. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

101. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants City or Rodriguez.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

102. Defendant Rodriguez has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

103. Defendant Rodriguez has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

104. At all times relevant to the acts alleged in the Complaint, defendant Rodriguez acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions. Therefore, defendant Rodriguez is entitled to governmental immunity from liability on any alleged state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

105. To the extent the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law Sections 50-(e), *et seq*.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

106. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents, and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City is entitled to governmental immunity from liability on plaintiff's state law claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

107. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

108. Plaintiff's action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

109. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

110. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

111. Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

112. Plaintiff may have failed to mitigate his damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

113. There was probable cause and/or exigent circumstances for the search of plaintiff and his premises.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

114. There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

115. There was reasonable suspicion for plaintiff's stop, question, and frisk.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

116. Defendant Rodriguez may be entitled to absolute immunity under *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012).

**WHEREFORE,** defendants City of New York and Detective Rodriguez request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 17, 2016

                ZACHARY W. CARTER
                Corporation Counsel of the
                 City of New York
                *Attorney for Defendants City and Rodriguez*
                100 Church Street
                New York, New York 10007
                (212) 356-2357

                By:   */s/ Alexander Noble*
                    Alexander Noble
                    Assistant Corporation Counsel
                    Special Federal Litigation Division

**cc:**  **BY ECF**
   Ryan Lozar
   *Attorney for Plaintiff*
   305 Broadway, 9th Floor
   New York, New York 10007