

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALEXANDER NOBLE
*Assistant Corporation Counsel*
phone: (212) 356-2357
fax: (212) 356-3508
anoble@law.nyc.gov

June 24, 2016

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Colin Washington v. City of New York, et al.</u>, 2015-CV-8922 (AJN)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York and attorney for defendants City of New York and Detective Ericks Rodriguez (hereinafter "defendants") in the above-referenced matter. Pursuant to the Court's Order dated June 21, 2016, I write on behalf of the parties to submit a joint status letter advising the Court of the present status of this action, which is currently proceeding through mediation under the Section 1983 Plan. As an initial matter, the parties sincerely apologize for the belatedness of this submission, which was due to an unintentional oversight.

### (1) Brief Statement of the Nature of the Action

By way of background plaintiff alleges that on October 22, 2013, plaintiff was falsely arrested by members of the New York City Police Department (hereinafter "N.Y.P.D.") More specifically, plaintiff alleges that his October 22, 2013 arrest was retaliatory due to plaintiff bringing a prior false arrest lawsuit in 2012. Plaintiff brings additional claims of First Amendment retaliation, malicious prosecution, failure to intervene, and a claim for municipal liability under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Defendants, by contrast, contend that probable cause existed for plaintiff's October 22, 2013 arrest and subsequent prosecution based on reports from two complaining victims who informed the NYPD that plaintiff had robbed them. Assuming, <u>arguendo</u>, that the complaining victims reported the incident as Individual Defendants claim (which Plaintiff also contests), Plaintiff alleges that the

record demonstrates that it was not reasonable for Individual Defendants to find the complaining victims credible.

**(2) <u>Explanation of Jurisdiction and Venue</u>**

The Court has federal question jurisdiction insofar as Plaintiff alleges Section 1983 claims founded on the violation of his federal constitutional rights. The Southern District of New York is a proper venue for the action because the incident in question occurred in New York County. Mr. Washington also resides in New York County and Individual Defendants arrested him in New York County.

**(3) <u>Status of Case in Mediation and Whether Initial Conference Should be Scheduled</u>**

The parties arranged with the assigned mediator to hold the first session on May 10, 2016; however, this session was rescheduled due to unforeseen scheduling issues. Mediation is currently scheduled for June 29, 2016 at 9:30 a.m. It seems that the mediation may be rescheduled one final time due to unforeseen developments in the parties' schedules and in Mr. Washington's personal life. However, the parties and the mediator have already discussed these developments and are making the necessary adjustments to the scheduling. The parties respectfully submit that this case should proceed through mediation as scheduled, and that the scheduling of an initial conference is not necessary at this time.

**(4) <u>Any Additional Information that May Assist the Court</u>**

The parties submit that there is no additional information to provide at this time. The parties are hopeful that this matter can be resolved through mediation, which may obviate the need for Court intervention.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Alexander Noble

Alexander Noble
*Assistant Corporation Counsel*